COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Elder, Frank, Humphreys, Kelsey, Petty, Beales, Alston,
           McCullough, Huff and Chafin
Argued at Richmond, Virginia

DONTE LAVELL BROOKS

                                                        OPINION BY
v.      Record No. 2708-10-1                   JUDGE STEPHEN R. McCULLOUGH
                                                        MARCH 26, 2013
COMMONWEALTH OF VIRGINIA

                         UPON REHEARING EN BANC

             FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                          John W. Brown, Judge[1]

             Kenneth L. Singleton for appellant.

             Alice T. Armstrong, Assistant Attorney General II (Kenneth T.
             Cuccinelli, II, Attorney General, on brief), for appellee.


        The question before us in this appeal is whether appellant, Donte Lavell Brooks, failed to

comply with Rule 5A:12(c)(1), which requires him to include with each assignment of error

"[a]n *exact* reference to the pages of the transcript, written statement of facts, or record where the

alleged error has been preserved in the trial court."  (Emphasis added).  We conclude that Brooks

did not comply with the requirements of the Rule.  We further conclude that although such

defects do not mandate dismissal, dismissal is appropriate here given Brooks's repeated failure to

correct the defect in spite of multiple opportunities to do so.

                                    BACKGROUND

        Brooks was convicted of possession of cocaine, in violation of Code § 18.2-250.  He filed

his petition for appeal with this Court, arguing that the trial court erred in various respects.  This

        _____

        [1] Judge V. Thomas Forehand, Jr., presided over Brooks's trial and found him guilty.
Judge Brown subsequently presided over Brooks's sentencing hearing and entered the final
order.

Court granted Brooks's petition for appeal and directed the parties to address the following additional question:

> [W]hether the petition for appeal should be dismissed under Rule 5A:12 on the basis (1) that appellant's petition for appeal did not contain – on or before June 8, 2011, the deadline for filing appellant's petition for appeal in this Court – any reference to "the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court" from which the appeal is taken, or (2) that appellant's June 27, 2011 replacement petition for appeal did not contain "[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court" from which the appeal is taken. See Rule 5A:12(c)(1); Davis v. Commonwealth, 282 Va. 339, 717 S.E.2d 796 (2011).

A divided panel of this Court held that it was without active jurisdiction to consider Brooks's appeal, and consequently dismissed it. We subsequently determined on our own motion to rehear the appeal en banc, pursuant to Code § 17.1-402(D).[2] On rehearing en banc, we dismiss Brooks's appeal.

## ANALYSIS

### I. THE PURPOSE OF RULE 5A:12(C)(1)

Rule 5A:12(c)(1) requires that "[a]n *exact* reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court . . . shall be included with each assignment of error." (Emphasis added). The purpose of this requirement is to efficiently put the appellate court on notice as to where the party satisfied Rule 5A:18 to spare the Court from having to comb the entire record to determine whether and where the

---

[2] By determining to rehear the case en banc, the Court vacated the previous panel decision. See Logan v. Commonwealth, 47 Va. App. 168, 170, 622 S.E.2d 771, 772 (2005) (en banc).

alleged error was preserved.  The exact reference requirement in Rule 5A:12(c)(1) was a part of the revisions to the Rules that became effective July 1, 2010.[3]

Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

> "The laudatory purpose behind Rule 5A:18 . . . is to require that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary.  The rules promote orderly and efficient justice and are to be strictly enforced except where the error has resulted in manifest injustice."

Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997) (omission in original) (quoting Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989)). Furthermore, Rule 5A:18 "places the parties on notice that they must give the trial court the first opportunity to rule on disputed evidentiary and procedural questions.  The purpose of this rule is to allow correction of an error if possible during the trial, thereby avoiding the necessity of mistrials and reversals."  Gardner v. Commonwealth, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986).  Compliance with the exact reference requirement of Rule 5A:12(c)(1) enables this Court to identify the argument of the appellant at the trial level and the ultimate ruling made in the court below, and helps this Court to avoid improvidently awarded appeals.

II. APPELLANT'S DESIGNATION OF THE NEAR ENTIRETY OF THE TRANSCRIPT DOES NOT SATISFY THE EXACT REFERENCE REQUIREMENT OF RULE 5A:12(C)(1).

Brooks included two assignments of error in his replacement petition for appeal.  For his first assignment of error, that "the trial court erred when it did not suppress the evidence obtained from the search of the vehicle," Brooks cited to pages 3-39, the portion of the transcript

---

[3] For the April 30, 2010 order of the Supreme Court amending the Rules, see http://www.courts.state.va.us/courts/scv/amendments/2010_0513_part_five_and_part_five_a.pdf.

containing the entire hearing on the motion to suppress, as his reference to where the alleged error was preserved below. Likewise, for his second assignment of error that "the trial court erred when it found the circumstantial evidence sufficient to convict [him] of possession of the cocaine," Brooks cited to pages 39-67 for his second assignment of error. This constitutes the near entirety of the trial.[4]

As a threshold matter, we conclude that appellant's citations here do not constitute an "exact" reference "to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court." Certainly, the broad reference encompasses his specific objections and the trial court's rulings. Also included, however, are many pages of irrelevant material, thus precluding the Court from efficiently locating where appellant preserved the issue raised on appeal. Such broad references, if accepted, would deprive Rule 5A:12(c)(1) of any utility.[5] Satisfying the Rule's requirement to provide an exact reference in the record where the alleged error was preserved is not an onerous burden and can be met by simply citing the page(s) of the record where the objection or motion below was made.

### III. THIS COURT IS NOT REQUIRED TO DISMISS PETITIONS FOR APPEAL THAT DO NOT COMPLY WITH THE EXACT REFERENCE REQUIREMENT OF RULE 5A:12(C)(1).

The next question is whether this failure mandates dismissal. We conclude that dismissal for failure to cite to the exact place in the record where the issue has been preserved is not required for several reasons. First and foremost, the plain text of the Rule does not require dismissal. Second, automatic dismissal would needlessly harm litigants and the timely, efficient

---

[4] In light of our disposition, we need not address whether the assignments of error are crafted with sufficient precision.

[5] We recognize that appellate courts must have some latitude in determining what constitutes an "exact" reference. A needlessly strict construction of the term would result in unwarranted dismissals. Regardless of how liberally one might construe the term, however, the references at issue here do not comply with the Rule.

adjudication of justice. Finally, avoiding automatic dismissal is most consistent with one of the stated goals of the committee constituted to revise the appellate rules, namely, to "mak[e] the rules more fair, efficient, and user friendly." Supreme Court of Virginia, Appellate Rules Advisory Committee, Report of the Committee 3 (June 9, 2008).

The plain text of Rule 5A:12(c)(1) draws a clear distinction between "the assignment of error" and the separate but related requirement that an appellant point out where the alleged error was preserved in the trial court. The appellant must provide "[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved" "with" the assignment of error – this exact reference is not *the* assignment of error. These two separate requirements serve different functions. The purpose of the assignment of error is to alert the appellate court and opposing counsel to the precise error allegedly committed below and to limit review to that issue. The requirement of providing an exact reference to where the issue was preserved helps the Court grant review only for cases where the issue was preserved, or where the ends of justice exception applies. We decline to conflate these two distinct requirements.

Moreover, Rule 5A:12(c)(1)(ii) does not state "[i]f the assignments of error are insufficient or otherwise fail to comply with the requirements of this Rule, *or appellant fails to comply with the requirement to provide an exact reference to where the alleged error has been preserved*, the petition for appeal shall be dismissed." The specific language of the Rule calls for dismissal for insufficient or otherwise noncompliant *assignments of error*. In other words, the dismissal remedy triggered by the language "or otherwise fail to comply with the requirements of this Rule" applies only to "assignments of error." For example, an assignment of error, in addition to being "insufficient," *i.e.* too broad, could be unclear, inconsistent, or contain

- 5 -

"extraneous argument."  As we note in <u>Whitt v. Commonwealth</u>, ___ Va. App.  ___, ___ S.E.2d ___ (this day decided) (en banc), such deficiencies, if not corrected or amenable to correction, will result in dismissal.

Dismissing a petition for appeal for any defect pursuant to Rule 5A:12(c)(1)(ii), no matter how inconsequential the defect, would create a number of problems.  Foremost among these is the fact that the reflexive dismissal remedy would punish the client when the mistake, and a relatively minor one at that, was made by his attorney.[6]  The remedies available following dismissal, petitioning for a delayed appeal or for a writ of habeas corpus, are less than promising.  First, most litigants will not avail themselves of either of these remedies.  Second, the process is cumbersome for those appellants who choose to pursue one of these potential avenues of relief.  The Court must first dismiss the claim.  Then, the appellant must initiate a separate proceeding, either by petitioning for a writ of habeas corpus or by resorting to Code § 19.2-321.1.  A court must adjudicate the claim and grant relief.  If the appellant is successful, the appeal is reinstated.  Then and only then, many months later, can a conforming brief be filed.  It is difficult to fathom why these protracted and convoluted remedies are preferable to the simple expedient of permitting counsel to insert a few lines in a corrected amended brief while the appeal still is pending.

Reflexively dismissing noncompliant petitions for appeal would also be unwise because, at least in some cases, it may not be clear what constitutes an exact reference to the record.  For example, suppose that a litigant in good faith designates a motion to strike, which incorporates by reference points made in an earlier motion to strike.  Will the Rule be satisfied if counsel cites

---

[6] Although persons accused of committing crimes would bear the brunt of a mandatory rule of dismissal, there is no doubt that appeals brought by the Commonwealth would also suffer from a contrary ruling.

to the renewed motion – or must the petition for appeal also cite to the earlier motion to strike? If counsel guesses wrong with regard to what constitutes an exact reference, the appeal should not face automatic dismissal. Or, suppose there is a typographical error with regard to where the issue was preserved, *e.g.*, appellant states that the issue was preserved on Transcript p. 354 when the correct place is p. 345. Litigants and attorneys would face apprehension, confusion, and frustration based on the risk that they may not have designated the exact portion of the record where the issue had been preserved. Allowing corrective amendments with regard to the exact reference requirement permits the appeal to proceed and ensures the efficient administration of justice. Permitting corrective amendments for such situations also constitutes the reading of the Rule that is the most "fair, efficient, and user friendly."

Furthermore, if dismissal were mandated with no opportunity for correction, the attention of the appellate judges of this Court, and, presumably, the Justices of the Supreme Court, would be diverted to addressing motions to dismiss for inexact references to the record, rather than adjudicating the merits of cases. Offering the opportunity to cure the defect, or granting it when requested, does not entail a significant expenditure of court resources or of the judges' time. In the vast majority of cases where such a defect is present, the clerk's office readily can identify most of these defects and require counsel to file a conforming brief, with no intervention needed by the judges.

This is not to say that the requirement to state where the issue has been preserved can be ignored by appellants. Remedies short of dismissal, however, are available in the event appellant fails to note where the issue was preserved. Specifically, counsel could seek, or the Court could compel, the filing of an amended brief that complies with this Rule.

IV. THIS COURT MAY EXERCISE ITS DISCRETION TO DISMISS FOR REPEATED
FAILURES TO COMPLY WITH THE RULES.

We now turn to the petition at hand. Brooks initially filed a petition for appeal that did not contain any reference to the exact place in the record where the issue was preserved, in plain violation of the Rules. His second, amended petition for appeal designated the entire trial transcript. Such an imprecise designation does not, in our view, constitute "[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved." Therefore, the amended petition for appeal did not comply with Rule 5A:12(c)(1).

Although the Rules do not mandate the harsh sanction of dismissal, the remedy of dismissal nonetheless may constitute an appropriate exercise of discretion in some situations, whether at the petition stage or after an appeal has been granted. Dismissal is appropriate here where counsel for appellant, despite multiple opportunities to cure the defect in his petition for appeal, did not do so.[7] Moreover, there is no request before the Court to file an amended brief to correct the defect. Therefore, we exercise our discretion to dismiss the case.[8]

CONCLUSION

The appeal is dismissed.

<u>Dismissed.</u>

---

[7] We further note that once this Court grants the petition for appeal, Rules 5A:20 and 5A:26, rather than Rule 5A:12, govern the opening brief. Rule 5A:20(c) provides that an opening brief must contain "[a] statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court." Rule 5A:26 provides that this Court "*may* dismiss the appeal" whenever the "appellant fails to file a brief in compliance with these Rules." (Emphasis added).

[8] We recognize that Brooks has the right to move this Court for leave to pursue a delayed appeal, pursuant to Code § 19.2-321.1.

Petty, J.,with whom Frank and Humphreys, JJ., join, concurring.

Rule 5A:12(c)(1) requires that "[a]n *exact* reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court . . . shall be included with each assignment of error." (Emphasis added). In Brooks's replacement petition for appeal, he included two assignments of error. For his first assignment of error, that "the trial court erred when it did not suppress the evidence obtained from the search of the vehicle," Brooks cited to the portion of the transcript containing the entire hearing on the motion to suppress as his reference to where the alleged error was preserved below. Likewise, Brooks cited the portion of the transcript containing the entire trial, including the arraignment, for his second assignment of error, that "the trial court erred when it found the circumstantial evidence sufficient to convict [him] of possession of the cocaine."

In order to ascertain how "exact" a petitioner's reference must be to comply with Rule 5A:12(c)(1), I believe it to be helpful to restate the reason behind requiring an "exact" reference in the first place.[9] Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

> "The laudatory purpose behind Rule 5A:18 . . . is to require that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary. The rules promote orderly and efficient justice and are to be strictly enforced except where the error has resulted in manifest injustice."

---

[9] I recognize that appellate courts must have some latitude in defining the term "exact" to ensure that slightly overbroad or erroneous page references do not result in unwarranted dismissals. Regardless of how liberally one might construe the term, however, in the context of this case, the reference to the entire hearing or trial transcript is inexact.

Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997) (omission in original) (quoting Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989)). Furthermore, Rule 5A:18 "places the parties on notice that they must give the trial court the first opportunity to rule on disputed evidentiary and procedural questions. The purpose of this rule is to allow correction of an error if possible during the trial, thereby avoiding the necessity of mistrials and reversals." Gardner v. Commonwealth, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986).

The role of an appellate court is to review alleged errors by the court below, and the intent behind the requirement for an "exact reference to the pages of the transcript . . . where the alleged error has been preserved in the trial court . . . from which the appeal is taken," Rule 5A:12(c)(1), is to efficiently put this Court on notice of where the party satisfied Rule 5A:18 without requiring that we engage in what would be akin to a scavenger hunt to find it. Furthermore, compliance with the Rule enables this Court quickly to identify the argument of the appellant at the trial level and the ultimate ruling made in the court below.

Satisfying the requirement of Rule 5A:12(c)(1) to provide an exact reference in the record where the alleged error was preserved is not an onerous burden and can be met by simply citing the page(s) of the record where the objection or motion below was made and the grounds stated. It is clear that Brooks has not done so in this case. By citing the entire transcript of the proceedings on the motion to suppress and the trial below, Brooks attempts to circumvent the obvious purpose behind the Rule. While his broad reference necessarily encompasses his specific objections and the trial court's rulings, it also includes many pages of testimony that contain neither a part of any allegation by Brooks of potential error by the trial court nor Brooks's supporting legal theory. Thus, instead of enabling this Court to readily and efficiently

identify the points at which he stated his legal position to the trial court, Brooks would require us to search through the entire proceedings below to identify such points. Indeed, if such broad references were sufficient, the Rule would be superfluous.

Rule 5A:12(c)(1)(ii) requires, "If the assignments of error are insufficient or otherwise fail to comply with the requirements of this Rule, the petition for appeal shall be dismissed." As I explain in Chatman v. Commonwealth, ___ Va. App. ___, ___ S.E.2d ___ (this day decided) (en banc) (Petty, J., dissenting), I believe that the amended mandatory dismissal language of Rule 5A:12(c)(1), together with the Supreme Court's recent directive in Davis, requires us to dismiss a petition for appeal containing assignments of error that fail to comply with the requirements of Rule 5A:12(c)(1). Brooks's replacement petition for appeal in this case contained assignments of error that failed to comply with a mandatory requirement of Rule 5A:12(c)(1). Thus, under the Supreme Court's direction, Brooks's failure to comply with the Rule's requirements "deprives this Court of its active jurisdiction to consider the appeal," Davis, 282 Va. at 339, 717 S.E.2d at 796-97, and requires dismissal of the appeal, see Rule 5A:12(c)(1)(ii).[10]

Because Brooks failed to file a petition for appeal that complied with the requirements of Rule 5A:12(c)(1), I would vacate the order granting his petition and dismiss his appeal.[11]

_____

[10] I am not unsympathetic with the majority's observation that Rule 5A:12 does not seem to advance the stated intent of the Appellate Rules Advisory Committee, which is to make the rules more fair, efficient, and user friendly. However, rather than apply a strained reading of the Rule to accomplish that goal, I believe that the better course is simply to amend the Rules.

[11] Of course, as I stated in Chatman, this jurisdictional requirement may be waived and the failure to comply with Rule 5A:12 renders a resulting judgment merely voidable, not void. Chatman, ___ Va. App. at ___ n.4, ___S.E.2d at ___ n.4. Further, I agree that Brooks has the right to move this Court for leave to pursue a delayed appeal, pursuant to Code § 19.2-321.1.

Huff, J., dissenting.

While I agree with the majority that the inclusion of exact page references to the transcript is required by the Rule, I believe the page references in this case were adequate to satisfy the exactitude requirement and alert us to the issues on appeal. Making "an exact reference" to the preserved error may fairly include the statement of the objection, the grounds asserted, the trial court's ruling, and the noting of an exception (if required). If those facets of the issue comprise an entire transcript, as they did here, then citing to the entire transcript satisfies the Rule's requirement of "an exact reference to the pages of the transcript . . . where the alleged error has been preserved . . . ." Rule 5A:12(c)(1). Thus, I would address the merits of the appeal.

With regard to appellant's first contention that the trial court erred in denying his motion to suppress, appellant argues that the search of his vehicle was improper because there was no reasonable belief of the existence of a weapon within appellant's immediate control.

"To prevail on appeal, 'the defendant must show that the trial court's denial of his suppression motion, when the evidence is considered in the light most favorable to the prosecution, was reversible error.'" Slayton v. Commonwealth, 41 Va. App. 101, 105, 582 S.E.2d 448, 450 (2003) (quoting Whitfield v. Commonwealth, 265 Va. 358, 361, 576 S.E.2d 463, 464 (2003)). "'Though the ultimate question whether the officers violated the Fourth Amendment triggers *de novo* scrutiny, we defer to the trial court's findings of historical fact and give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers.'" Id. at 105, 582 S.E.2d at 449-50 (quoting Barkley v. Commonwealth, 39 Va. App. 682, 689-90, 576 S.E.2d 234, 237-38 (2003)).

"In <u>Terry v. Ohio</u>, 392 U.S. 1 (1968), the United States Supreme Court approved 'a protective search for weapons in the absence of probable cause to arrest . . . when [a police officer] possesses an articulable suspicion that an individual is armed and dangerous.'" <u>Pierson v. Commonwealth</u>, 16 Va. App. 202, 204, 428 S.E.2d 758, 759 (1993) (alteration in original) (quoting <u>Michigan v. Long</u>, 463 U.S. 1032, 1034 (1983); <u>Lansdown v. Commonwealth</u>, 226 Va. 204, 211-12, 308 S.E.2d 106, 111 (1983), <u>cert. denied</u>, 465 U.S. 1104 (1984)).

> Recognizing the "'inordinate risk confronting an officer as he approaches a person seated in an automobile,'" <u>Long</u>, 463 U.S. at 1048 (quoting <u>Pennsylvania v. Mimms</u>, 434 U.S. 106, 110 (1977)), the Court has extended such protective searches "beyond the person," including "areas" of the "passenger compartment of an automobile in which a weapon may be placed or hidden."

<u>Id.</u> (quoting <u>Long</u>, 463 U.S. at 1049-50; <u>Glover v. Commonwealth</u>, 3 Va. App. 152, 156, 348 S.E.2d 434, 437-38 (1986), <u>aff'd</u>, 236 Va. 1, 372 S.E.2d 134 (1988)). Moreover, "[i]f the officer 'should . . . discover contraband other than weapons' during this investigation, 'he . . . cannot be required to ignore [it], and the Fourth Amendment does not require its suppression in such circumstances.'" <u>Id.</u> at 204, 428 S.E.2d at 759-60 (second alteration in original) (quoting <u>Long</u>, 463 U.S. at 1050).

In the present case, the officer conducted a lawful traffic stop during which he observed appellant reach toward the back seat of his vehicle as well as into the glove compartment. Appellant then refused to check the glove compartment for his registration information, even after the officer suggested he look there. After the officer returned to his patrol vehicle with appellant's driver's license, he again saw appellant reach toward the glove compartment. On this basis, the officer reasonably believed that appellant "was trying to get to something, a firearm." Thus, the officer was entitled to conduct a protective search of the glove compartment in which a

weapon could have been hidden. Accordingly, the trial court did not err in denying appellant's motion to suppress.

With regard to appellant's contention that the trial court erred in finding the evidence sufficient to support the conviction, appellant argues the evidence did not prove he possessed the cocaine.

"When considering on appeal the sufficiency of the evidence presented below, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Wood v. Commonwealth, 57 Va. App. 286, 296, 701 S.E.2d 810, 815 (2010) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)).

> Possession may be actual or constructive. Constructive possession exists when "an accused has dominion or control over the drugs." Such "possession may be proved by evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that he knew of the existence of narcotics at the place where they were found."

Brown v. Commonwealth, 15 Va. App. 1, 7-8, 421 S.E.2d 877, 882 (1992) (en banc) (quoting Castaneda v. Commonwealth, 7 Va. App. 574, 583-84, 376 S.E.2d 82, 86-87 (1989)).

The evidence in this case proved that appellant was aware of cocaine in his vehicle and that it was subject to his dominion and control. Appellant repeatedly refused to check the glove compartment for his registration information even after the officer suggested that he look there. Rather, appellant reached toward the glove compartment only when the officer had left the vicinity of his vehicle, thus supporting the inference that appellant knew the cocaine was in the glove compartment. Based on these circumstances, the trial court did not err in finding the evidence sufficient to support appellant's conviction for possession of cocaine. For the reasons stated, I would affirm the judgment of the trial court.

# VIRGINIA:

*In the Court of Appeals of Virginia on* **Wednesday** *the* **29th** *day of* **August, 2012**.


Roberto Tyrone Chatman,                                                         Appellant,

 against             Record No. 0858-11-2
                         Circuit Court Nos. CR10-609, CR10-616 and CR10-617

Commonwealth of Virginia,                                                Appellee.

### From the Circuit Court of Dinwiddie County


Donte Lavell Brooks,                                                       Appellant,

 against             Record No. 2708-10-1
                         Circuit Court No. CR09-4095

Commonwealth of Virginia,                                                Appellee.

### From the Circuit Court of the City of Chesapeake


Steve Whitt,                                                                Appellant,

 against             Record No. 0885-11-3
                         Circuit Court Nos. CR953-09 and CR954-09

Commonwealth of Virginia,                                                Appellee.

### From the Circuit Court of Buchanan County


### Before the Full Court


Pursuant to Code § 17.1-402(D), the Court, on its own motion, has decided to rehear these cases *en banc*. The parties shall file briefs in compliance with Rule 5A:35(b). It is further ordered that the appellant in each case shall file twelve additional copies of the appendix previously filed.

In accordance therewith, the order entered herein on August 14, 2012 is stayed pending the

decisions of the Court *en banc* and the appeals are reinstated on the docket of this Court.

A Copy,

Teste:

*original order signed by the Clerk of the*
*Court of Appeals of Virginia at the direction*
*of the Court*

Clerk

# VIRGINIA:

*In the Court of Appeals of Virginia on*   **Tuesday**   *the*  **14th**  *day of*  **August, 2012**.

Roberto Tyrone Chatman,                                                                    Appellant,

  against          Record No. 0858-11-2
                   Circuit Court Nos. CR10-609, CR10-616 and CR10-617

Commonwealth of Virginia,                                                                   Appellee.

### From the Circuit Court of Dinwiddie County

Donte Lavell Brooks,                                                                       Appellant,

  against          Record No. 2708-10-1
                   Circuit Court No. CR09-4095

Commonwealth of Virginia,                                                                   Appellee.

### From the Circuit Court of the City of Chesapeake

Steve Whitt,                                                                               Appellant,

  against          Record No. 0885-11-3
                   Circuit Court Nos. CR953-09 and CR954-09

Commonwealth of Virginia,                                                                   Appellee.

### From the Circuit Court of Buchanan County

### Before Judges Elder, Humphreys and Petty

In these three cases,[1] we address whether the appellants failed to comply with the requirements of Rule 5A:12(c)(1) in their respective petitions for appeal, and if so, whether such failures require us to dismiss the appeals. We conclude that each appellant failed to comply with Rule 5A:12(c)(1). Moreover, in light of the Supreme Court's recent published order in Davis v. Commonwealth, 282 Va.

---

[1] We consolidate these cases for purposes of decision only.

339, 717 S.E.2d 796 (2011), we also conclude that we consequently must dismiss the appeals for lack of jurisdiction.

Roberto Tyrone Chatman, No. 0858-11-2

Roberto Tyrone Chatman appeals his convictions of aggravated malicious wounding, in violation of Code § 18.2-51.2(A), and abduction, in violation of Code § 18.2-47.[2]  Chatman argues that the trial court erred in various respects.  We granted Chatman's petition for appeal and directed the parties to address the following additional question:

> Where, as here, the only petition for appeal filed within the time period set out in Rule 5A:12(a) does not contain an exact reference to the pages of the transcript, written statement of facts, or record where the alleged error was preserved in the trial court, as required by Rule 5A:12(c)(1), does this Court have active jurisdiction to consider the appeal in light of Davis v. Commonwealth, 282 Va. 339, 717 S.E.2d 796 (2011), and Rule 5A:12(c)(1)(ii)?

Because we now conclude that we are without jurisdiction to consider Chatman's appeal, we dismiss it.

Rule 5A:12(a) states that "[w]hen an appeal to the Court of Appeals does not lie as a matter of right, a petition for appeal must be filed with the clerk of this Court not more than 40 days after the filing of the record with the Court of Appeals."  The trial court record in Chatman's case was received in the clerk's office of this Court on June 21, 2011.  Thus, Chatman's petition for appeal was originally due by July 31, 2011.  However, Rule 5A:12(a) also provides that "[a]n extension of 30 days may be granted on motion in the discretion of this Court upon a showing of good cause sufficient to excuse the delay."  See Rule 5A:3(c)(2) (providing a motion for extension of time for filing a petition pursuant to Rule 5A:12(a) is timely "if filed . . . with the specified extension period"); see also Code § 17.1-408 (not specifying when a motion for extension for filing a petition must be filed or granted).  Chatman filed a motion for an extension of time on July 27, 2011, and this Court granted the motion on August 11, 2011,

---

[2] Chatman was also convicted of assault and battery of a family member, in violation of Code § 18.2-57.2, but he has not assigned error to anything pertinent to that conviction on appeal.

extending the deadline for the filing of Chatman's petition to August 30, 2011. On August 29, 2011, Chatman filed his original petition for appeal.

Rule 5A:12(c)(1) requires that "[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court . . . shall be included with each assignment of error." The assignments of error in Chatman's original petition did not contain any such references. On September 6, 2011, the clerk's office notified Chatman of this and other deficiencies in his petition and directed him to submit a replacement petition within 10 days. On September 16, 2011, Chatman submitted a replacement petition that again failed to contain page references to where he had preserved the alleged errors in the trial court. On September 20, 2011, this Court entered an order requiring Chatman to file a second replacement petition in compliance with Rule 5A:12(c)(1). Chatman then filed a second replacement petition.

After our order directing Chatman to file a second replacement petition to correct the deficient assignments of error, the Supreme Court entered a published order in the case of Davis v. Commonwealth, 282 Va. 339, 717 S.E.2d 796 (2011).[3] In Davis, the Supreme Court dismissed an appeal for failure to comply with Rule 5:17(c)(1)(ii). Rule 5:17 is the Supreme Court's counterpart to this Court's Rule 5A:12. Under Rule 5:17(c)(1)(ii), "When appeal is taken from a judgment of the Court of Appeals, only assignments of error relating to assignments of error presented in, and to actions taken by, the Court of Appeals may be included in the petition for appeal to [the Supreme] Court." The assignment of error in Davis alleged error in the trial court rather than in this Court, thereby violating the rule's directive. Under Rule 5:17, "An assignment of error that does not address the findings or rulings in the . . . tribunal from which an appeal is taken . . . is not sufficient. If the assignments of error are insufficient, the petition for appeal *shall be dismissed*." Rule 5:17(c)(1)(iii) (emphasis added).

Accordingly, pursuant to the dictates of Rule 5:17, the Supreme Court dismissed the appeal in Davis, because the assignment of error "[did] not address any finding or ruling of the Court of Appeals."

---

[3] The Supreme Court denied Davis's petition for rehearing on January 20, 2012.

Davis, 282 Va. at 340, 717 S.E.2d at 797. As the Supreme Court explained, "*[b]y prescribing dismissal of the appeal, [Rule 5:17(c)(1)(iii)] establishe[s] that the inclusion of sufficient assignments of error is a mandatory procedural requirement* and that the failure to comply with this requirement *deprives [the Supreme] Court of its active jurisdiction to consider the appeal.*" Id. at 339, 717 S.E.2d at 796-97 (emphasis added) (citing Smith v. Commonwealth, 281 Va. 464, 467-68, 706 S.E.2d 889, 891-92 (2011); Jay v. Commonwealth, 275 Va. 510, 518-19, 659 S.E.2d 311, 315-16 (2008)).

As we have stated above, Rule 5A:12(c)(1) requires that "[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court . . . shall be included with each assignment of error." With dismissal language mirroring that in Rule 5:17, Rule 5A:12 provides: "If the assignments of error are insufficient or *otherwise fail to comply with the requirements of this Rule*, the petition for appeal *shall be dismissed*." Rule 5A:12(c)(1)(ii) (emphasis added). Because the Supreme Court has interpreted Rule 5:17's language, "shall be dismissed," as prescribing mandatory dismissal for lack of active jurisdiction, we are left with no alternative but to conclude that our counterpart Rule 5A:12's identical language, "shall be dismissed," also requires dismissal for lack of active jurisdiction.[4]

Heretofore, it has often been this Court's practice to permit amendments to non-conforming petitions for appeal after the filing deadline has passed. Indeed, the language of former Rule 5A:12(c) before the July 1, 2010 amendments contained no mention of dismissal for failure to comply with its requirements.[5] However, with the amendment of Rule 5A:12(c) to mandate dismissal of a petition "[i]f

---

[4] While we may at times refer to the procedural rules applicable to proceedings in this Court as "our Rules" or "the Rules of this Court," we recognize the Supreme Court's conclusion that the provisions of Part 5A of the Rules of the Supreme Court are "precisely that – Rules of [the Supreme] Court." LaCava v. Commonwealth, 283 Va. 465, 471, 722 S.E.2d 838, 840 (2012). Accordingly, we are bound by that Court's interpretation of the Rules. See id. at 469-71, 722 S.E.2d at 840.

[5] Prior to the 2010 amendments, Rule 5A:12(c) simply required the petition for appeal to conform to the requirements for an appellant's opening brief as set forth in Rule 5A:20. Neither Rule 5A:12(c) nor Rule 5:17(c) (nor Rule 5A:20, for that matter) prescribed dismissal for failure to conform to its requirements, except for the fact that Rule 5:17(c) prescribed dismissal for failure to include any assignments of error at all. However, in July 2010, the Rules were significantly amended and Rules

-4-

the assignments of error . . . fail to comply with the requirements of this Rule," Rule 5A:12(c)(1)(ii), coupled with the Supreme Court's recent interpretation and application of such mandatory dismissal language in Davis, we acknowledge that our previous practice is no longer permissible. Hence, we acknowledge that we now must dismiss a petition for appeal containing assignments of error that fail to comply with the requirements of Rule 5A:12(c)(1).

Here, the only petition Chatman timely filed under Rule 5A:12(a) was the initial petition filed on August 29, 2011.[6] As already noted, the assignments of error in this petition did not contain any references to where Chatman had preserved the alleged errors in the proceedings below. Thus, the assignments of error failed to comply with the requirements of Rule 5A:12(c)(1). Furthermore, because the initial petition was non-compliant, we cannot consider an amended petition filed beyond the deadline. Cf. Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 283, 568 S.E.2d 671, 673 (2002) (per curiam) (holding that an amended notice of appeal filed beyond the jurisdictional 30-day period contained in Rule 5:9(a) was invalid where the original notice of appeal was defective). Therefore, as the Supreme Court has instructed us, Chatman's failure to comply with the rule's requirements "deprives this Court of its active jurisdiction to consider the appeal," Davis, 282 Va. at 339, 717 S.E.2d at 796-97, and requires that we dismiss the appeal, see Rule 5A:12(c)(1)(ii).[7]

---

5:17 and 5A:12 rewritten. The 2010 amendments were proposed by the Appellate Rules Advisory Committee established by then Chief Justice Hassell and chaired by Justice Lemons. One of the goals of the Committee was "to harmonize the rules in the Court of Appeals with the rules in the Supreme Court." Kent Sinclair, Appellate Rules Revisions, The Va. State Bar Professional Guidelines, 1 (May 5, 2010), http://www.vsb.org/ docs/SCV-appellate-rules-05-05-10.pdf. Accordingly, excepting a few minor differences not relevant here, Rule 5:17(c)(1) and Rule 5A:12(c)(1) now contain identical mandatory dismissal language, and we must interpret the language in Rule 5A:12(c)(1) in the same way the Supreme Court has interpreted this language in Rule 5:17(c)(1).

[6] Although Rule 5A:12(a) provides for the granting of a thirty-day extension, this Court had already granted Chatman such an extension, extending the filing deadline for his petition from July 31, 2011 to August 30, 2011. Thus, August 30, 2011 was the last day Chatman had on which to file a conforming petition before we lost active jurisdiction over his appeal.

[7] We note that in Jay, the Supreme Court appeared to limit the remedy of dismissal to jurisdictional violations. 275 Va. at 517, 659 S.E.2d at 315 ("By *dismissing* rather than *denying* the appeals, the Court of Appeals rendered the requirements of Rule 5A:20(e) jurisdictional." (emphasis in

-5-

Because Chatman failed to timely file a petition for appeal that complied with the requirements of Rule 5A:12(c)(1), we must vacate the order granting his petition and dismiss his appeal.

Donte Lavell Brooks, No. 2708-10-1

Donte Lavell Brooks appeals his conviction of possession of cocaine, in violation of Code § 18.2-250. Brooks argues that the trial court erred in various respects. We granted Brooks's petition for appeal and directed the parties to address the following additional question:

> [W]hether the petition for appeal should be dismissed under Rule 5A:12 on the basis (1) that appellant's petition for appeal did not contain – on or before June 8, 2011, the deadline for filing appellant's petition for appeal in this Court – any reference to "the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court" from which the appeal is taken, or (2) that appellant's June 27, 2011 replacement petition for appeal did not contain "[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court" from which the appeal is taken. See Rule 5A:12(c)(1); Davis v. Commonwealth, 282 Va. 339, 717 S.E.2d 796 (2011).

We now conclude that we are without jurisdiction to consider Brooks's appeal and must dismiss it on the second of these alternative grounds.[8]

---

original)). Subsequently, in 2010, Rule 5:1A was added to the Rules of the Supreme Court, providing that "[the Supreme] Court *may* dismiss an appeal or impose such other penalty as it deems appropriate for non-compliance with these Rules." Rule 5:1A(a) (emphasis added). The new rule also authorizes the Court, prior to dismissal, to allow a party in violation a chance to correct most defects. See id. Hence, this rule raises the question of whether the remedy of dismissal continues to be limited to jurisdictional violations. See McDowell v. Commonwealth, 282 Va. 341, 343, 718 S.E.2d 772, 774 (2011) (dismissing an appeal for appellant's failure to properly preserve an issue in the trial court). However, in 2011, the Supreme Court reaffirmed its holding in Jay that "by dismissing the appeal rather than denying it, the Court of Appeals erroneously rendered [Rule 5A:20(e)] jurisdictional." Smith, 281 Va. at 468, 706 S.E.2d at 892. Moreover, the Court in Davis cited both Jay and Smith in support of its holding that the dismissal language of Rule 5:17(c)(1)(iii) implies that insufficient assignments of error "deprive[] [the] Court of its active jurisdiction to consider the appeal." Davis, 282 Va. at 339, 717 S.E.2d at 796-97. In light of the Supreme Court's repeated affirmation of the idea that dismissal implies lack of jurisdiction, we are obligated to adhere to this principle in our analysis.

[8] For purposes of our analysis in Brooks's appeal, we assume without deciding that his replacement petition for appeal is properly before us, as it was filed on the seventieth day after the record was received in the clerk's office of this Court. See Rule 5A:12(a) (providing that this Court may extend the deadline for filing a petition for appeal for an additional thirty days beyond the general forty-day limit).

As we have already noted, Rule 5A:12(c)(1) requires that "[a]n *exact* reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court . . . shall be included with each assignment of error." Rule 5A:12(c)(1) (emphasis added). In Brooks's replacement petition for appeal, he included two assignments of error. For his first assignment of error, that "the trial court erred when it did not suppress the evidence obtained from the search of the vehicle," Brooks cited to the portion of the transcript containing the entire hearing on the motion to suppress as his reference to where the alleged error was preserved below. Likewise, Brooks cited the portion of the transcript containing the entire trial for his second assignment of error, that "the trial court erred when it found the circumstantial evidence sufficient to convict [him] of possession of the cocaine."

In order to ascertain how "exact" a petitioner's reference needs to be to comply with Rule 5A:12(c)(1), we find it helpful to restate the reason behind requiring an "exact" reference in the first place.[9] Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

> "The laudatory purpose behind Rule 5A:18 . . . is to require that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary. The rules promote orderly and efficient justice and are to be strictly enforced except where the error has resulted in manifest injustice."

Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997) (omission in original) (quoting Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989)). Furthermore, Rule 5A:18 "places the parties on notice that they must give the trial court the first opportunity to rule on disputed evidentiary and procedural questions. The purpose of this rule is to allow correction of an error

---

[9] We recognize that appellate courts must have some latitude in defining the term "exact" in order to ensure that slightly overbroad or erroneous page references do not result in unwarranted dismissals. Regardless of how liberally one might construe the term, however, we find it difficult to imagine how it might include a reference to an entire hearing or trial transcript.

if possible during the trial, thereby avoiding the necessity of mistrials and reversals." Gardner v. Commonwealth, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986).

The role of an appellate court is to review alleged errors by the court below, and the intent behind the requirement for an "exact reference to the pages of the transcript . . . where the alleged error has been preserved in the trial court . . . from which the appeal is taken," Rule 5A:12(c)(1), is to efficiently put this Court on notice of where the party satisfied Rule 5A:18 without requiring that we engage in what would be akin to a scavenger hunt to find it. Furthermore, compliance with the rule enables this Court to quickly identify the argument of the petitioner at the trial level and the ultimate ruling made in the court below.

Satisfying the requirement of Rule 5A:12(c)(1) to provide an exact reference in the record where the alleged error was preserved is not an onerous burden and can be met by simply citing the page(s) of the record where the objection or motion below was made and the grounds therefor stated. It is clear that Brooks did not do so in this case. By citing the entire transcript of the proceedings on the motion to suppress and the trial below, Brooks attempts to circumvent the obvious purpose behind the rule. While his broad reference necessarily encompassed his specific objections and the trial court's rulings, it also included many pages of testimony that contained no part of any allegation by Brooks of potential error by the trial court or his supporting legal theory. Thus, instead of enabling this Court to readily and efficiently identify the points at which he stated his legal position to the trial court, Brooks would require us to search through the entire proceedings below to identify such points. Indeed, if such broad references were sufficient, the rule would be superfluous.

As we explained above in our discussion of Chatman's appeal, the amended mandatory dismissal language of Rule 5A:12(c)(1), together with the Supreme Court's recent directive in Davis, requires us to dismiss a petition for appeal that fails to comply with the requirements of Rule 5A:12(c)(1). Brooks's replacement petition for appeal in this case failed to comply with a mandatory requirement of Rule 5A:12(c)(1). Thus, as the Supreme Court has directed, Brooks's failure to comply with the rule's

-8-

requirements "deprives this Court of its active jurisdiction to consider the appeal," Davis, 282 Va. at 339, 717 S.E.2d at 796-97, and requires that we dismiss the appeal, see Rule 5A:12(c)(1)(ii).

As with Chatman's appeal, because Brooks failed to file a petition for appeal that complied with the requirements of Rule 5A:12(c)(1), we must vacate the order granting his petition and dismiss his appeal.

Steve Whitt, No. 0885-11-3

Steve Whitt appeals his two convictions for attempted capital murder of a law enforcement officer, in violation of Code § 18.2-31. Whitt's single assignment of error reads as follows: "The circuit court judge committed error by not dismissing the convictions against the appellant based upon insufficient evidence as a matter of law."[10] The Commonwealth moved to dismiss Whitt's petition for appeal for failure to include an adequate assignment of error. We granted the petition and directed the parties to address the following additional question:

> Is an assignment of error stating "[t]he circuit court judge committed error by not dismissing the convictions against the appellant based upon insufficient evidence as a matter of law," an insufficient assignment of error under Rule 5A:12(c)(1)(ii) and, if so, does this Court have active jurisdiction to consider the appeal in light of Davis v. Commonwealth, 282 Va. 339, 717 S.E.2d 796 (2011)?

Because we now conclude that we are without jurisdiction to consider Whitt's appeal, we dismiss it.

The requirements for an acceptable assignment of error are not of recent vintage. It has long been established that "'[t]he purpose of assignments of error is to point out the errors with reasonable certainty in order to direct [the] court and opposing counsel to the points on which appellant intends to

---

[10] Whitt requested permission from this Court to file an amended petition for appeal with a modified assignment of error. However, he made this request on the seventy-first day after the record had been filed with this Court. Hence, his request was beyond the time period permitted for filing a petition for appeal. See Code § 17.1-408 (providing for a potential maximum of seventy days, if the Court grants an extension of time, for the filing of a petition for appeal); Rule 5A:12(a) (same). Thus, we consider only his original assignment of error contained in his petition for appeal that was timely filed.

ask a reversal of the judgment, and to limit discussion to these points.'" Yeatts v. Murray, 249 Va. 285, 290, 455 S.E.2d 18, 21 (1995) (quoting Harlow v. Commonwealth, 195 Va. 269, 271, 77 S.E.2d 851, 853 (1953)).  Consequently, it is the duty of an appellant's counsel "to 'lay his finger on the error' in his [assignments of error]," Carroll v. Commonwealth, 280 Va. 641, 649, 701 S.E.2d 414, 418 (2010) (quoting First Nat'l Bank of Richmond v. William R. Trigg Co., 106 Va. 327, 342, 56 S.E. 158, 163 (1907)), and not to invite an appellate court "to delve into the record and winnow the chaff from the wheat," Loughran v. Kincheloe, 160 Va. 292, 298, 168 S.E. 362, 364 (1933).

Simply alleging, as Whitt has done here in his assignment of error, that the evidence was insufficient to support his convictions as a matter of law fails to point out any particular error "with reasonable certainty."  Rather than laying his finger on the error he wishes us to address, Whitt's counsel has essentially invited us "to delve into the record and winnow the chaff from the wheat."  An assignment of error that simply alleges insufficient evidence is broad enough to encompass numerous discrete and unrelated arguments based on the various elements of any given offense (e.g., lack of the requisite intent to commit the crime or misidentification of the perpetrator).  It would even permit an appellant to include an evidentiary argument.  Rushing v. Commonwealth, 284 Va. 270, 277-78, 726 S.E.2d 333, 338 (2012) (holding that an argument regarding the admissibility of evidence may properly be made as the reason why the evidence is insufficient).  But see John Crane, Inc. v. Hardick, 283 Va. 358, 376, 722 S.E.2d 610, 620 (2012) (recognizing that "whether evidence is admissible is a separate issue from whether that evidence is sufficient" and thus holding that an argument only attacking the sufficiency of the evidence does not adequately support an assignment of error challenging only the admissibility of evidence).

Were we to grant a petition for appeal containing an assignment of error that only generally alleged insufficient evidence, an appellant, in his brief on the merits, could add completely new arguments not raised in his petition, as long as he had preserved such arguments below.  Such maneuvers would require this Court to address arguments that it never intended to address when

granting the petition.  Cf. Hamilton Dev. Co. v. Broad Rock Club, Inc., 248 Va. 40, 43-44, 445 S.E.2d 140, 142-43 (1994) (refusing to consider an argument encompassed by the revised language of an assignment of error that the appellant had modified after his petition for appeal had been granted).

Thus, Whitt's assignment of error, which alleges only a general insufficiency of the evidence as a matter of law, fails to meet the long-established standard for assignments of error.  Accordingly, his petition violated Rule 5A:12(c)(1)'s requirement that a petition "shall list, clearly and concisely and without extraneous argument, the *specific errors* in the rulings below upon which the party intends to rely."  Rule 5A:12(c)(1) (emphasis added); see Commonwealth Transp. Comm'r v. Target Corp., 274 Va. 341, 352-53, 650 S.E.2d 92, 98 (2007) (holding that an assignment of error stating, "The trial court erred in failing to find that the jury commissioners' report is contrary to the evidence at trial," violated Rule 5:17(c)).

The Supreme Court has traditionally adjudged imprecise assignments of error to be in violation of the procedural requirements for assignments of error.  See, e.g., Harlow, 195 Va. at 272-73, 77 S.E.2d at 853-54 (collecting and discussing cases).  What the Supreme Court has done recently in Davis is to clarify that insufficient assignments of error deprive an appellate court of its active jurisdiction over an appeal.  As we have explained above in our discussion of Chatman's appeal, the Supreme Court's decision in Davis requires us to dismiss petitions for appeal that fail to comply with the requirements of Rule 5A:12(c)(1).

Therefore, as with the other two appeals we have addressed in this order, because Whitt failed to timely file a petition for appeal that complied with the requirements of Rule 5A:12(c)(1), we must vacate the order granting his petition and dismiss his appeal.

_____

Elder, J., concurring, in part, and dissenting, in part.

Although I admire the efforts of the majority to discern and comply with the Supreme Court's relevant holdings in this area, I believe it applies these holdings and the applicable rules more rigidly

than necessary. In my view, the Supreme Court's relevant decisions leave room for the conclusion that this Court obtains active jurisdiction to adjudicate an appeal when the appellant timely files a petition that substantially complies with Rule 5A:12(c). Because I believe a more lenient interpretation of the Rules better serves public policy, I would conclude we obtain active jurisdiction over a substantially compliant petition for appeal and would continue our practice of allowing a reasonable time for the correction of minor non-jurisdictional deficiencies, unless and until the Supreme Court provides unequivocally to the contrary. Thus, I concur in the majority's decision vacating the order granting the petition for appeal of Whitt and dismissing that appeal. However, as to the appeals of Brooks and Chatman, I would conclude dismissal is not required and would affirm the challenged convictions. Thus, I respectfully dissent from the majority's holdings as to Brooks and Chatman.

## I. APPLICABLE CASE PRECEDENT & RULES OF COURT

As the majority acknowledges, *supra* at page 4, prior to the instant decision, "it has often been this Court's practice to permit amendments to non-conforming petitions for appeal after the filing deadline has passed." Prior to the amendment of the Rules in 2010, the Supreme Court's decisions supported this practice. See Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008) (recognizing this Court may "require an appellant to re-submit [a] petition for appeal" when the Court otherwise has jurisdiction but the petition fails to comply with a formatting rule), cited with approval on other grounds in Davis v. Commonwealth, 282 Va. 339, 340, 717 S.E.2d 796, 797 (2011), and Smith v. Commonwealth, 281 Va. 464, 468, 706 S.E.2d 889, 892 (2011); Moore v. Commonwealth, 276 Va. 747, 753, 668 S.E.2d 150, 153 (2008) (recognizing Jay as holding that whereas the time for filing a petition for appeal under Rule 5A:3(a) is jurisdictional, the requirements of Rule 5A:12(c) "have been expressly held to be not jurisdictional"); Riner v. Commonwealth, 40 Va. App. 440, 453-54, 579 S.E.2d 671, 678-79 (2003) (allowing an appellant, with leave of court, after the initial petition was filed and granted but before the appeal was heard on the merits, to expand the scope of the questions presented despite

language in Rule 5A:12(c) requiring that "the petition for appeal *shall* contain the questions presented" (emphasis added)), aff'd, 268 Va. 296, 601 S.E.2d 55 (2004).

Only four months before the amendments to the Rules took effect, the Supreme Court considered "what is required for an appellate court to acquire [*active*] jurisdiction over a case that falls within its *potential* jurisdiction." Ghameshlouy v. Commonwealth, 279 Va. 379, 390, 698 S.E.2d 698, 703 (2010) (emphasis added). It noted in Ghameshlouy that "filing a timely notice of appeal is a mandatory prerequisite to an appellate court acquiring jurisdiction over a case." Id. at 390, 689 S.E.2d at 703-04; see also Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 568 S.E.2d 671 (2002) (holding notice of appeal filed pursuant to Rule 5:9(a) was invalid because it was signed only by out-of-state counsel and not by associated local counsel, as required by Rule 1A:4(2), and that because that rule *expressly* defined a notice lacking such a signature as "invalid," meaning "not legally binding" or "ha[ving] no legal effect," the Court did not obtain jurisdiction over the appeal during the thirty-day appeal period and, thus, that the attempted amendment did not revive the appeal). However, it explained further that

> not every requirement of the rule prescribing when and how a notice of appeal is to be prepared and filed implicates the court's initial acquisition of jurisdiction. Thus, we have never required that a notice of appeal be precise, accurate, and correct in every detail before the appellate court can acquire jurisdiction over the case in which the notice is filed. To the contrary, both this Court and the Court of Appeals have consistently held that most statutory and rule-based procedural prerequisites for the valid exercise of jurisdiction by a court may be waived, even when couched in mandatory terms by the language of the statute or rule.

Ghameshlouy, 279 Va. at 391, 689 S.E.2d at 704. In support of that principle, the Court cited with approval both its decision in Jay and the Court of Appeals' decision in Riner, which it summarized as "holding that Rule 5A:12 was not jurisdictional and, thus, did not bar the Court from granting an appellant leave to amend and enlarge the questions presented in his petition for appeal." Ghameshlouy, 279 Va. at 391-92, 689 S.E.2d at 704 (citing Riner, 40 Va. App. at 452-53, 579 S.E.2d at 677-78). With those principles in mind, the Court determined "the notice of appeal timely filed by Ghameshlouy . . . ,

-13-

although defective[ and 'not a model of clarity'], was sufficient to cause the potential jurisdiction of the

Court of Appeals to consider such appeals to ripen into active jurisdiction over this specific case." Id. at

394, 698 S.E.2d at 705.

Since the amendments to the Rules took effect in 2010, the Supreme Court has issued two

relevant decisions in which it cited liberally to its pre-amendment case decisions. In Smith v.

Commonwealth, 281 Va. 464, 706 S.E.2d 889 (2011), which involved a transcript filed eight days late

under Rule 5A:8, the Court reiterated as follows:

> In Ghameshlouy, we identified compliance with the appellate rule
> requiring the timely filing of a notice of appeal, Rule 5A:6, as an element
> which must be present to transform an appellate court's potential
> jurisdiction to proceed to judgment into active jurisdiction to do so. This
> rule demands mandatory compliance and is "a prerequisite to an appellate
> court's obtaining and exercising jurisdiction over a case." [Ghameshlouy,
> 279 Va.] at 391, 689 S.E.2d at 704. Similarly, noncompliance with the
> rule involving the timely filing of a petition for appeal and including
> assignments of error in that petition deprive[s] the appellate court of active
> jurisdiction over the appeal. Rule 5:17. Not all procedural rules, however,
> are treated as mandatory or jurisdictional, carrying a consequence of
> dismissal for noncompliance. Jay involved the dismissal of an appeal by
> the Court of Appeals for noncompliance with the rule requiring
> presentation of arguments on brief, Rule 5A:20(e). We reversed the Court
> of Appeals' decision, holding that, by dismissing the appeal rather than
> denying it, the Court of Appeals erroneously rendered the rule
> jurisdictional. Noncompliance with that rule may have prevented the
> Court of Appeals from resolving the issue due to waiver, but it did not
> defeat the active jurisdiction of the Court of Appeals to proceed to
> judgment in the appeal.
>
> In our view, the timely filing requirement of Rule 5A:8 [for a
> transcript or statement of facts], like the rule at issue in Jay, is not a
> mandatory procedural rule that is necessary to enable the potential
> jurisdiction of the appellate court to become active jurisdiction and
> proceed to a valid decree or disposition. . . . Elements required to ripen
> the appellate court's potential jurisdiction into active jurisdiction are
> elements that must be applicable in every appeal; they cannot be [rules
> that may be] selectively applied depending on the issues presented in the
> appeal.
>
> Furthermore, cases contain issues that are not resolved *on the
> merits* in the appeal because of noncompliance with the appellate rules,
> including the rule relating to the filing of transcripts. Examples include
> the failure to present argument on an assigned error, the failure to proffer
> certain excluded testimony that is the subject of an appeal, or the failure to

include a rejected jury instruction. In these circumstances, we consider the issue waived and resolve the case on the basis of those issues properly presented to us. We do not treat the absence of these elements as defeating our ability to exercise active jurisdiction over the appeal, even though they may preclude us from resolving the issue. Indeed, included within appellate review of a case is consideration of whether an issue is defaulted or waived on appeal.

Id. at 467-69, 706 S.E.2d at 892 (citations omitted) (emphasis added).

In Davis v. Commonwealth, 282 Va. 339, 717 S.E.2d 796 (2011), the Court applied Smith's theory of active jurisdiction to Rule 5:17, dealing with the phrasing of an appellant's assignments of error. Before the Court of Appeals, Davis argued that the trial court erred in accepting his guilty plea. The Court of Appeals denied the appeal on the ground that his guilty plea waived all non-jurisdictional defects. In his appeal to the Supreme Court, Davis again assigned as error *the trial court's* acceptance of his guilty plea and did not assign error to *the Court of Appeals'* holding that his guilty plea waived non-jurisdictional defects. The Supreme Court held as follows:

> The Rules of the Supreme Court of Virginia *have long provided* that in appeals from the Court of Appeals, this Court will consider "only assignments of error relating to assignments of error presented in, and to actions taken by, the Court of Appeals . . . ." Rule 5:17(c)(1)(ii). Effective July 1, 2010, subparagraph (c)(1)(iii) was added to Rule 5:17. That amendment provides that an assignment of error that does not address a finding or ruling of a "[t]ribunal from which an appeal is taken" is insufficient and that "[i]f the assignments of error are insufficient, the petition for appeal shall be dismissed." Rule 5:17(c)(1)(ii). By prescribing dismissal of the appeal, this amendment established that the inclusion of sufficient assignments of error is a mandatory procedural requirement and that the failure to comply with this requirement deprives this Court of its active jurisdiction to consider the appeal. Smith[, 281 Va. at 467-68, 706 S.E.2d at 891-92]; Jay[, 275 Va. at 518-19, 659 S.E.2d at 315-16].

Id. at 339-40, 717 S.E.2d at 796-97 (emphasis added). Because Davis' sole assignment of error "[did] not address any finding or ruling of the Court of Appeals," the Court dismissed the appeal. Id. at 340, 717 S.E.2d at 797 (citing Rule 5:17(c)(1)(iii)).

The majority concludes the holding in Davis mandates dismissal of any petition which does not fully comply with Rule 5A:12(c)(1)'s requirements before the time limits of that rule and Code

§ 17.1-408 expire.[11] Based on the applicable precedent and rules, I would reach a somewhat different conclusion for two reasons.

First, Davis involved Rule 5:17(c), applicable to proceedings in the Supreme Court, which states that "If the assignments of error are insufficient, the petition for appeal shall be dismissed." It was in this context that the Court held dismissal was required in Davis. However, the similar rule applicable in the Court of Appeals, Rule 5A:12(c), contains additional language not present in Rule 5:17(c) and provides that "If the assignments of error are insufficient *or otherwise fail to comply with the requirements of this Rule*, the petition for appeal shall be dismissed." Rule 5A:12(c) (emphasis added). Thus, the Supreme Court, in deciding Davis, simply did not address the meaning of this additional language in Rule 5A:12(c) and whether it *mandates* dismissal of an otherwise substantially compliant petition. See Rule 5:17(c) (providing prior to the 2010 amendment that "only assignments of error relating to questions presented in, or actions taken by, the Court of Appeals may be included in the petition for appeal to this court" and that "the appeal will be dismissed" only "[i]f the petition for appeal does not contain assignments of error" or does not state "in what respect the decision of the Court of Appeals involves (1) a substantial constitutional question as a determinative issue, or (2) matters of significant precedential value").

Second, Davis addressed deficiencies in the granted assignment of error detected *at the merits stage* of the proceedings. It did not address the Court's discretion, *at the petition stage*, to allow an appellant a reasonable amount of time to remedy non-jurisdictional deficiencies in a timely filed petition

---

[11] The Commonwealth concedes this Court has both the ability to exercise its inherent authority to require a party to correct a pleading and authority pursuant to Code § 17.1-408 and Rule 5A:12(a) to extend the time in which a conforming petition may be filed. Code § 17.1-408 and Rule 5A:12(a) authorize a thirty-day extension of the forty-day deadline for filing a petition for appeal, which allows us in our discretion to consider as timely a petition filed within seventy days after receipt of the record in the Court of Appeals. See Code § 17.1-408 (not specifying by when a motion for extension for filing a petition must be filed or granted); Rule 5A:3(c)(2) (providing a motion for extension for filing a petition pursuant to Rule 5A:12(a) is timely "if filed . . . within the specified extension period"). I agree with this concession as far as it goes but would hold, as discussed *infra* in the text, that our authority extends further.

which contains sufficient assignments of error and otherwise substantially complies with the applicable rule. See Nelms v. Vaughan, 84 Va. 696, 700, 5 S.E. 704, 706 (1888) (providing that "whether [a] statute [using the word 'shall' is] mandatory or not depend[s] upon whether the thing directed to be done [is] *the essence* of the thing required" and that even where a statute is mandatory, if its provisions "hav[e] been *substantially complied with* in all essential particulars, . . . there can be no doubt . . . that the matter is *within the jurisdiction* of [the Court]" (emphases added)).

We must presume the Supreme Court is aware of its own decisions. Cf. Weathers v. Commonwealth, 262 Va. 803, 805, 553 S.E.2d 729, 730 (2001) ("When the General Assembly acts in an area in which one of its appellate courts already has spoken, it is presumed to know the law as the court has stated it and to acquiesce therein, and if the legislature intends to countermand such appellate decision it must do so explicitly."). When the Supreme Court amended the Rules of Court to provide that a petition "shall be dismissed" based on certain deficiencies and applied Rule 5:17 in Davis, it provided no indication that it meant to deprive this Court of the opportunity, in its discretion, to give a party who had substantially complied with Rule 5A:12(c) the chance to submit an amended petition to correct any non-jurisdictional deficiencies in order to comply fully with the rule. See Jay, 275 Va. at 520, 659 S.E.2d at 317 (recognizing in a pre-amendment case that this Court may "require an appellant to re-submit [a] petition for appeal" when the Court otherwise has jurisdiction but the petition fails to comply with a formatting rule), cited with approval on other grounds in Davis, 282 Va. at 340, 717 S.E.2d at 797, and Smith, 281 Va. at 468, 706 S.E.2d at 892; Yarbrough v. Commonwealth, 258 Va. 347, 361, 519 S.E.2d 602, 608 (1999) (recognizing the "inherent authority [of the Court] to administer cases on its docket"); see also Riner, 40 Va. App. at 454, 579 S.E.2d at 679 (relying in part on Yarbrough's recognition of inherent authority in support of its interpretation of prior Rule 5A:12 to allow the Court, in its discretion, to expand an otherwise timely filed and properly constituted petition for appeal by adding an additional assignment of error), quoted with approval in Ghameshlouy, 279 Va. at 391-92, 689 S.E.2d at 704, and Jay, 275 Va. at 518, 659 S.E.2d at 315. Thus, as to non-jurisdictional

deficiencies, I would hold Rule 5A:12(c)(1)'s dismissal requirement comes into play only *after* this Court has had the opportunity, in its discretion, to direct an appellant to correct such deficiencies in a substantially compliant petition and resubmit it by a date certain, even if that date falls outside the filing deadlines allowed by the applicable statutes and rules.

Whether to act *sua sponte* to notify an appellant of such a deficiency and give the appellant an opportunity to correct it rests within the sound discretion of the Court. An appellant who submits a deficient petition "acts at his peril" because the Court is compelled neither to examine the petition to identify any errors at that stage of the proceedings nor "to grant . . . leave" to correct any errors it does identify, cf. Riner, 40 Va. App. at 454, 579 S.E.2d at 678 (granting discretionary leave to enlarge a petition to add an additional issue).[12] But where the Court identifies such an error and the appellant corrects it within the time allowed by the Court, I would hold the petition meets the requirements of Rule 5A:12(c) and dismissal is not required.

This approach would provide a more efficient use of judicial and other resources by preventing the need for an appellant to seek a delayed appeal. See Code § 19.2-321.1 (permitting this Court to grant a motion for a delayed appeal "[w]hen, due to the error, neglect, or fault of counsel representing the appellant, or of the court reporter, or of the circuit court or an officer or employee thereof, an appeal in a criminal case has . . . been dismissed for failure to adhere to proper form, procedures, or time limits in the perfection of the appeal" if certain other requisites are met). The filing of a delayed appeal increases the administrative burdens on this Court and the local Commonwealth's Attorney or Attorney General and may also require the payment of additional fees to defense counsel.

In sum, under my analysis, whether dismissal is required under Rule 5A:12(c) turns on whether the deficiencies in the petition were of sufficient significance to prevent this Court from obtaining active jurisdiction over the appeals.

---

[12] Of course an appellant remains free to submit a corrected petition *without* leave of Court any time within the filing period prescribed in the applicable statute and rule. See Code § 17.1-408; Rule 5A:12(a).

## II. ANALYSIS

### A. Steve Whitt, No. 0885-11-3

In Whitt's timely petition for appeal, he included a single assignment of error: "The circuit court judge committed error by not dismissing the convictions against the appellant based on insufficient evidence as a matter of law." Whitt's argument in his petition challenged the sufficiency of the evidence to prove two specific elements of the crime of attempted capital murder of a police officer—intent to kill and an act in furtherance of the attempt.

The Commonwealth's attorney filed a brief in opposition in which he moved to dismiss the petition as failing to comply with Rule 5A:12(c)(1)(ii), noting that although Whitt challenged only two elements of the offense in his written argument, his assignment of error was not so limited.

On the seventy-first day after our receipt of the record, Whitt filed a response to the motion to dismiss in which he contended his petition was adequate. In the alternative, he moved the Court to allow him to amend his petition to substitute the following assignment of error: "The circuit court judge committed error by not dismissing the convictions against the appellant based upon insufficient evidence as a matter of law regarding the elements of intent and overt, but ineffectual action."

Without ruling on the motion to dismiss or Whitt's motion to amend, a judge of this Court granted his petition on his original assignment of error and directed the parties to address, in addition, whether Whitt's original assignment of error was insufficient under Rule 5A:12(c)(1)(ii) and, if so, whether this Court had active jurisdiction to consider the appeal.

On these facts, I agree dismissal is mandated by Rule 5A:12(c)(1)(ii), which provides "[a]n assignment of error . . . which merely states that the judgment or award is contrary to the law and the evidence is not sufficient" and that "[i]f the assignments of error are insufficient . . . , the petition for appeal shall be dismissed." See Davis, 282 Va. at 339-40, 717 S.E.2d at 796-97 (holding similar Rule 5:17 "establish[es] the inclusion of sufficient assignments of error is a mandatory procedural

requirement and that the failure to comply with this requirement deprives this Court of its active jurisdiction to consider the appeal").

Simply alleging, as Whitt does in his original assignment of error, that the evidence was insufficient to support his convictions as a matter of law fails to point out any particular error "'with reasonable certainty,'" Yeatts, 249 Va. at 290, 455 S.E.2d at 21 (quoting Harlow v. Commonwealth, 195 Va. 269, 271, 77 S.E.2d 851, 853 (1953)). Although Whitt moved to amend his assignment of error, he did so beyond the time period specified in Code § 17.1-408 and Rule 5A:12(a) for the filing of his petition. Whitt's granted assignment of error, which alleged only general insufficiency of the evidence as a matter of law, fails to meet the long-established standard for assignments of error. Thus, his petition violated Rule 5A:12(c)(1)'s requirement that a petition "shall list, clearly and concisely and without extraneous argument, the *specific errors* in the rulings below upon which the party intends to rely." Rule 5A:12(c)(1) (emphasis added); see Commonwealth Transp. Comm'r v. Target Corp., 274 Va. 341, 352-53, 650 S.E.2d 92, 98 (2007). The Supreme Court's decision in Davis, coupled with the 2010 amendments to the Rules of Court, provide that insufficient assignments of error deprive an appellate court of its active jurisdiction over an appeal.

Thus, I join the majority's decision vacating the order granting Whitt's petition and dismissing his appeal.

### B. Donte Lavell Brooks, No. 2708-10-1

Brooks challenges his conviction for possessing cocaine.

### 1. Procedural Issues

Brooks filed a timely petition for appeal contending the trial court erroneously denied his motion to suppress and found the evidence was sufficient to prove possession of cocaine. This Court then notified him that his petition for appeal did not comply with Rule 5A:12(c)(1) because "[t]he assignments of error included in the petition do not contain an exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial

-20-

court from which the appeal is taken." Brooks submitted a replacement petition within ten days as directed by the Court, which was also within seventy days of the date the record was received by the Court of Appeals, as permitted under Code § 17.1-408 and Rule 5A:12(a). Thereafter, we granted Brooks' petition for appeal and directed that the parties address, in addition, whether the petition should be dismissed under Rule 5A:12 due to his failure to include exact page references showing where he preserved the alleged errors in the trial court.

Assuming without deciding Brooks' page number citations in his replacement petition were too expansive to constitute "[a]n exact reference" to the pages of the record on which the assignments were preserved, I would hold that this deficiency does not mandate dismissal based on a lack of jurisdiction. Rule 5A:12(c) provides that "[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court or other tribunal from which the appeal is taken shall be included *with* each assignment of error." Rule 5A:12(c)(1) (emphasis added). The fact that the rule requires page numbers to be provided "with" each assignment of error clearly distinguishes the two: the required page number reference is not part of the assignment of error to which it pertains. Thus, an inadequacy in citation to page numbers showing preservation is not subject to the holding in Davis that Rule 5A:12(c)(1)(ii), by analogy to Rule 5:17(c), mandates dismissal for lack of jurisdiction where "the assignments of error are insufficient." To the extent Brooks' failure to cite to the precise page numbers showing preservation constitutes "otherwise fail[ing] to comply with the requirements of this Rule," as contained in the second clause of Rule 5A:12(c)(1)(ii), I would conclude the Supreme Court has not held this failure deprives the Court of active jurisdiction over the appeal. See Davis, 282 Va. at 339-40, 717 S.E.2d at 796-97 (addressing the meaning of Rule 5:17, applicable to the Supreme Court, requiring that "[i]f the assignments of error are insufficient, the petition for appeal shall be dismissed," and not including the additional language present in Rule 5A:12(c), "or otherwise fail to comply with the requirements of this Rule").

Thus, I would conclude the Court obtained active jurisdiction to consider the appeal. I would next apply the holding in Jay, 275 Va. at 520, 659 S.E.2d at 317, to Brooks' imprecise page number citations to determine "whether [the] failure to strictly adhere to the requirements" of the portion of Rule 5A:12(c)(1) requiring "[a]n exact reference to the page(s) of the transcript . . . where the alleged error has been preserved" is "significant," as required to support a conclusion that Brooks waived his assignments of error. I would conclude Brooks' page references here provide sufficient specificity to permit us to review the issues without sacrificing judicial economy. As to the assignment of error challenging the trial court's denial of his suppression motion, Brooks cites the entire transcript from the suppression hearing. However, that transcript is only thirty-seven pages long; the eight pages of his attorney's argument, which are contained at the beginning and ending of the passage he cites, are readily discernible as a result of his page citation. Similarly, as to his assignment of error challenging the sufficiency of the evidence, Brooks cites twenty-eight pages of the trial transcript, including four pages of Brooks' attorney's argument as well as Brooks' own testimony, which supports his motion. Although those twenty-eight pages also include the Commonwealth's rebuttal evidence, the four pages of Brooks' counsel's argument preserving the sufficiency issue are readily discernible as a result of his page citation. Thus, I would conclude Brooks' violation of the rule was not significant and that no waiver occurred, and I would proceed to address the merits of his appeal.

## 2. Merits

Brooks argues the denial of his motion to suppress was error and that the evidence was insufficient to support his conviction.

### a. Motion to Suppress

Brooks concedes Officer Johnson was justified in conducting a traffic stop but contends the search of his car for weapons violated his Fourth Amendment rights.

On appeal of a ruling on a motion to suppress, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to

the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc); see McCain v. Commonwealth, 261 Va. 483, 490, 545 S.E.2d 541, 545 (2001). However, we review *de novo* the trial court's application of defined legal standards, such as whether the police had reasonable suspicion or probable cause for a search or seizure. Ornelas v. United States, 517 U.S. 690, 699 (1996). Our review of the existence of probable cause or reasonable suspicion involves application of an objective rather than subjective standard. See, e.g., Whren v. United States, 517 U.S. 806, 812-13 (1996).

"In Terry v. Ohio, 392 U.S. 1 (1968), the United States Supreme Court approved 'a protective search for weapons in the absence of probable cause to arrest . . . when [a police officer] possesses an articulable suspicion that an individual is armed and dangerous.'" Pierson v. Commonwealth, 16 Va. App. 202, 204, 428 S.E.2d 758, 759 (1993) (quoting Michigan v. Long, 463 U.S. 1032, 1034 (1983)). The holding in Long extended a Terry search for weapons into those areas where the suspect might reach for weapons, for example, the passenger compartment of the suspect's vehicle. Because of the "'"inordinate risk confronting an officer as he approaches a person seated in an automobile,'" Long, 463 U.S. at 1048 (quoting Pennsylvania v. Mimms, 434 U.S. 106, 110 (1977)), if a police officer "possesses a reasonable belief based on 'specific and articulable facts which . . . reasonably warrant' the officer in believing the suspect is dangerous and . . . may gain immediate control of weapons," "the officer may conduct a . . . frisk of the suspect himself and search the accessible areas of the passenger compartment of the car in which a weapon might be hidden." Stanley v. Commonwealth, 16 Va. App. 873, 875, 433 S.E.2d 512, 514 (1993) (quoting Long, 463 U.S. at 1049-50). An officer need only believe the suspect reasonably *might* have a weapon and gain control of it. The degree of certainty required by the reasonable suspicion standard is "considerably [lower] than proof of wrongdoing by a preponderance of the evidence, and obviously less demanding than that for probable cause." Perry v. Commonwealth, 280 Va. 572, 581, 701 S.E.2d 431, 436 (2010).

In this case, Officer Johnson observed Brooks as he reached toward the back seat, then to the glove compartment. Despite Officer Johnson's requests for Brooks to look in the glove compartment for the vehicle registration, Brooks refused. Then, after Officer Johnson walked away, Brooks moved toward the glove compartment again. I would hold this "suspicious and furtive conduct" by Brooks created an objectively reasonable "concern for [Officer Johnson's] security[] and [that] he acted reasonably and appropriately to minimize the threat." Pierson, 16 Va. App. at 205, 428 S.E.2d at 760; see Whren, 517 U.S. at 814.

### b. Sufficiency of the Evidence

Brooks also challenges the sufficiency of the evidence to prove he constructively possessed the cocaine found in the car's glove compartment.

On appeal, "we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). "The Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed the [contraband] . . . ." Brown v. Commonwealth, 15 Va. App. 1, 10, 421 S.E.2d 877, 883 (1992) (en banc).

> Ownership or occupancy of a vehicle . . . where . . . [contraband is] found is a circumstance that may be considered together with other evidence tending to prove that the owner or occupant exercised dominion and control over items in the vehicle . . . in order to prove that the owner or occupant constructively possessed the contraband . . . . Furthermore, proof that a person is in close proximity to contraband is a relevant fact that, depending on the circumstances, may tend to show that, as an owner

> or occupant . . . of a vehicle, the person necessarily knows of the presence, nature and character of a substance that is found there.

Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992).

Brooks was alone in the vehicle where the drugs were found in the glove box, within Brooks' arm's reach. Brooks was in an area known for a high incidence of drug activity. Brooks' repeated reaching into and toward the glove box, as well as his refusal to open the glove box in front of the officer, demonstrated his knowledge that contraband was located there. No evidence tended to prove the scale bearing cocaine residue was left in the glove box by another person. Accordingly, I would hold the evidence was sufficient to prove beyond a reasonable doubt that Brooks knew of the cocaine in the glove compartment, that it was subject to his dominion and control, and that he was guilty of the charged offense.

Thus, I would affirm Brooks' conviction.

### C. Roberto Tyrone Chatman, No. 0858-11-2

Chatman appeals his convictions for aggravated malicious wounding and abduction.[13]

### 1. Procedural Issues

Chatman filed a timely petition for appeal challenging the sufficiency of the evidence to support his convictions on various specific grounds. His petition included a heading entitled "Assignment of Error," with three numbered paragraphs worded as questions. His petition failed to include "with each assignment of error" "[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court," as required by Rule 5A:12(c)(1). The clerk's office of this Court then notified Chatman that it interpreted his petition as failing to comply with Rule 5A:12(c)(1) because it did not contain assignments of error, which it indicated were affirmative statements rather than questions. The notice further indicated the petition failed to comply

---

[13] Chatman was also convicted of assault and battery of a family member, but he has not assigned error to anything pertinent to that conviction on appeal.

with that rule because it did not include "an exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court."

Chatman then filed a replacement petition for appeal outside the seventy-day time frame for filing allowed by Code § 17.1-408 and Rule 5A:12(a), although within the time ordered by this Court. That petition contained assignments of error worded as affirmative statements, but the petition still lacked page references indicating where in the record each assignment of error had been preserved. This Court issued an order granting Chatman an additional period of ten days in which to submit a replacement petition. Chatman then filed a second replacement petition, which contained the "exact [page] reference[s]" required. Again, this filing was outside the seventy-day period allowed by Code § 17.1-408 and Rule 5A:12(a) but within the time ordered by this Court.

We then granted Chatman's petition for appeal and directed the parties to address whether the Court had active jurisdiction to consider the appeal in light of Chatman's failure in his original and only timely filed petition to include an exact reference to the pages of the transcript, written statement of facts, or record where the alleged error was preserved in the trial court, as required by Rule 5A:12(c)(1). The Commonwealth, in its brief on the merits, also raised the issue of Chatman's failure in his original and only timely filed petition to word his assignments of error as affirmative statements rather than questions.

I would hold Chatman's failure in his original petition to cite the page numbers on which the alleged errors were preserved does not mandate dismissal based on a lack of jurisdiction. As discussed *supra*, in Part II.B.1., the fact that Rule 5A:12(c) requires page numbers to be provided "with" each assignment of error clearly distinguishes the two: the required page number reference is not part of the assignment of error to which it pertains. Thus, an inadequacy in citation to page numbers showing preservation is not subject to the provision of Rule 5A:12(c)(1)(ii) mandating dismissal for lack of jurisdiction where "the assignments of error are insufficient." To the extent Chatman's failure to cite to the page numbers showing preservation constitutes "otherwise fail[ing] to comply with the requirements

of this Rule," as required by the second clause of Rule 5A:12(c)(1)(ii), I would conclude, as above, that the Supreme Court has not held this failure deprives the Court of active jurisdiction over the appeal. See Davis, 282 Va. at 339-40, 717 S.E.2d at 796-97 (addressing the meaning of Rule 5:17, applicable to the Supreme Court, requiring that "[i]f the assignments of error are insufficient, the petition for appeal shall be dismissed," and not including the additional language present in Rule 5A:12(c), "or otherwise fail to comply with the requirements of this Rule").

Further, nothing in Rule 5A:12(c) requires that assignments of error must be worded in the affirmative. The rule provides only that "[u]nder a heading entitled 'Assignments of Error,' the petition shall list, clearly and concisely and without extraneous argument, the specific errors in the rulings below upon which the party intends to rely." Rule 5A:12(c)(1). I am unaware of any precedent requiring that assignments of error must be worded in the affirmative in order to invoke the Court's jurisdiction. Compare Rule 5:17 (prior to 2010 amendment) (requiring both assignments of error and questions presented, which would support the inference that, at that time, questions presented were questions whereas assignments of error, referred to then, as now, as "the specific errors in the rulings below upon which the party intends to rely," were intended to be affirmative assertions).

Thus, I would conclude the Court obtained active jurisdiction to consider the appeal and had the discretion to grant Chatman a reasonable time in which to correct the non-jurisdictional deficiencies in his petition.

### 2. Merits

On appeal, Chatman contends that the evidence was insufficient to prove abduction and malicious wounding.

The convictions stem from Chatman's attack on his wife, in which he hit her repeatedly with his closed fist, knocking her to the floor, and then hit her repeatedly with a hot clothes iron. Throughout the next day, the victim begged Chatman to obtain medical help for her, as the attack had rendered her unable to see and physically unable to leave the house or otherwise summon help herself. Chatman

failed to get her any assistance, disabled the phone lines, and stayed in the house with her the entire day. Two days after the attack, Chatman left the house and called 911.

### a. Abduction

Chatman argues the evidence was insufficient to support his abduction conviction because any detention of the victim was incidental to the assault. He contends that no separate abduction took place because no evidence indicated he held the victim against her will. "[W]e review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin, 4 Va. App. at 443, 358 S.E.2d at 418.

Applying constitutional principles of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, the Supreme Court has held that

> one accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime.

Brown v. Commonwealth, 230 Va. 310, 314, 337 S.E.2d 711, 713-14 (1985).

At trial, the Commonwealth argued that the abduction took place after the beating, when the victim was unable to leave and Chatman refused to take her to a hospital or otherwise get help. Therefore, the conduct underlying the abduction conviction continued well after the malicious wounding and was not incidental to it. See Hoyt v. Commonwealth, 44 Va. App. 489, 494, 605 S.E.2d 755, 757 (2004) (listing factors used to determine whether an abduction is incidental to another crime).

As for the sufficiency of the evidence to prove Chatman's intent to abduct the victim, Code § 18.2-47(A), under which Chatman was convicted, provides:

> Any person who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes another person with the intent to deprive such other person of his personal liberty or to withhold or conceal him from any person, authority or institution lawfully entitled to his charge, shall be deemed guilty of "abduction."

-28-

"Intent is the purpose formed in a person's mind and may be, and frequently is, shown by circumstances[,]" including "[his] conduct" and "his statements." Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969).

> The specific intent to commit [a crime] may be inferred from the conduct of the accused if such intent flows naturally from the conduct proven. Where the conduct of the accused under the circumstances involved points with reasonable certainty to a specific intent to commit [the crime], the intent element is established.

Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 674 (1995) (citation omitted).

The trial court was entitled to infer Chatman's intent to deprive the victim of her personal liberty from the evidence that he rendered her physically helpless and kept her in the house despite her pleas for medical help.

### b. Malicious Wounding

Chatman argues the evidence was not sufficient to prove he intended to maim, disfigure, disable or kill the victim and, thus, did not support his malicious wounding conviction. Chatman did not challenge his malicious wounding conviction in his motion to strike or closing argument.

Under Rule 5A:18, "a challenge to the specificity of the Commonwealth's evidence is waived if not raised with some specificity in the trial court." Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987). By failing to specifically challenge the sufficiency of the evidence supporting the malicious wounding charge, appellant waived his right to raise that argument on appeal.[14] See, e.g., Scott v. Commonwealth, 58 Va. App. 35, 44-46, 707 S.E.2d 17, 22 (2011) (holding the defendant's motion to strike the evidence as to one charge did "not also function as a motion to strike" as to another charge).

Thus, I would affirm Chatman's convictions.

---

[14] To the extent appellant raises the ends of justice exception under Rule 5A:18, I would conclude this exception does not apply because the record does not affirmatively prove that an element of the offense did not occur. See, e.g., Brittle v. Commonwealth, 54 Va. App. 505, 514, 680 S.E.2d 335, 340 (2009) (delineating the narrow circumstances under which the ends of justice exception is to be used).

## III.

For these reasons, I concur in the majority's decision vacating the order granting the petition of Whitt and dismissing his appeal. As to the appeals of Brooks and Chatman, I would conclude dismissal is not required and would affirm the challenged convictions. Thus, I respectfully dissent from the majority's holdings as to Brooks and Chatman.

_____

The Commonwealth shall recover of the appellants the costs in the respective trial courts. In addition, in Record No. 0858-11-2, the Commonwealth shall recover of the appellant the amount previously awarded to Joseph M. Teefey, Jr., Esquire, for his representation of Roberto Tyrone Chatman, in addition to his costs and necessary direct out-of-pocket expenses.

This order shall be published and certified to the trial courts.

Costs due the Commonwealth
  by appellant in Record No. 0858-11-2
  in Court of Appeals of Virginia:

      Attorney's fee     $100.00  plus costs and expenses

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:   *original order signed by a deputy clerk of the Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk

-30-